# MEMORANDA

OF CASES DECIDED DURING THE PERIOD COMPRISED IN THIS VOLUME
AND DESIGNATED BY THE COURT "NOT TO BE
REPORTED."

## JOHN T. HOPKINS *vs.* ELEANORA C. HOPKINS.

*Specific Performance—Uncertain Agreement—Remedy at Law.*

Appeal from a decree of Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.), sustaining a demurrer to the bill of complaint and dismissing the same. *Affirmed.*

The bill charged that Frederick E. Hopkins, father of the appellant, died in the year 1896, leaving one son and a daughter by his first wife, and two daughters by his second wife ; that at the time of his death he held a policy of life insurance for the sum of three thousand dollars in the " Catholic Benevolent Legion," payable to Eleanora C. Hopkins, his second wife, who has collected the full amount and deposited it in her individual name, in " The Border State Savings Bank of Baltimore ;" that from the death of Elizabeth Hopkins, his first wife, and mother of the appellant, in the year 1888, who was at that time the sole beneficiary of the policy, to the father's second marriage, a period of one year and eleven months, the entire amount of the expenses of membership in the company was paid by the plaintiff; that this amount was paid by an agreement with the father, that he (the plaintiff) should be the sole beneficiary of this policy, but shortly after the second marriage, Eleanora C. Hopkins was made the sole beneficiary and was such at the date of his father's death. The bill further charged that the second wife was made the beneficiary, on the condition and by an agreement with her husband that upon his death the plaintiff should receive a fair and reasonable share and proportion of the policy ; that while no par-

ticular, specific or ratable part was named, yet it should be a fair and reasonable proportion ; that all these facts and circumstances were made known to the wife before she was made the beneficiary and with this knowledge she agreed that the plaintiff should share as co-beneficiary in its benefit ; that notwithstanding this agreement she now refuses to pay the plaintiff any part thereof, although requested so to do. The bill then alleged that the plaintiff was without remedy except in a Court of Equity, and the prayer of the bill is for an injunction to restrain the bank from paying over the sum of one thousand dollars of the policy of insurance until the rights of the parties are determined in a Court of Equity, and concludes with a prayer for general relief.

An injunction was granted on the 17th of November, 1896, but was afterwards, on the 18th of the same month, dissolved. A demurrer to the bill was interposed by the defendant, Eleanora C. Hopkins, upon the ground " that it does not clearly appear whether the bill of complaint is intended to establish and enforce an alleged trust or to secure specific enforcement of an alleged contract, but that in either event there is no cause of action as entitles the complainant to maintain this suit." This demurrer was sustained and the bill dismissed.

The Court said : " We have carefully examined the statements in the plaintiff's bill, and assuming them to be true, it seems clear to us, that the plaintiff's remedy, if any, is at law and not in a Court of Equity. The alleged contract is entirely too indefinite and uncertain to be enforced by specific performance in a Court of Equity. In *Stoddert et al.* v. *Bowie*, 5 Md. 28, this Court said, it is not only necessary to prove that an agreement was made, but the terms of the agreement must be so clearly and fully shown as that the Court can have no difficulty in knowing what the terms are, so as to be certain of carrying into effect the contract made by the parties. Passing a decree for specific execution upon proof short of this, instead of executing the agreement of the parties, would be making one for them, which the Court certainly has no authority to do.

" In the case now before us, it appears that the alleged agreement between the father and son, as to the payment of the premiums upon the policy, had been abandoned or rescinded after the marriage of the father, and on or about the time when the second wife was made the beneficiary of the policy. No premiums were paid by the plaintiff after this date, nor any effort made by him in the lifetime of the father to recover what is stated to have been paid. Nor does the allegation that there was a contract between the father and the second wife, that the plaintiff should be paid " a fair, just and reasonable share and proportion" of the policy, aid the plaintiff in this suit. If the plaintiff has any remedy it would be in a Court of Law and not in Equity."

Opinion by BRISCOE, J., filed April 30th, 1897. *John T. Hopkins*, appellant. Submitted for the appellee on brief by *Charles J. Bonaparte.*